a contract with a subscription book company for the sale of books in exclusive territory may be maintained where the settlement involves examination of an intricate account as to charges, expenses, salaries of assistants, supplies, etc.

2. APPEAL AND ERROR, § 1570*—*harmless error*. Where a decree on accounting by sales managers against a subscription book company is erroneous in directing the turning of certain notes and accounts for books sold over to complainants, it will not for that reason be reversed where four years have elapsed since the period for which the defendant was required to account, during which, by virtue of appeals, it has retained possession.

3. EQUITY, § 400*—*what costs may be allowed on reference*. Where, on a bill for accounting, a motion for an interlocutory order that certain notes and accounts be turned over to complainants was referred to a master to take proofs and afterwards a general order of reference to the same master was made and the parties stipulated that the proofs previously taken should stand as proof under the general order, the costs of taking such proofs are properly included in the master's costs upon a judgment against defendants for costs.

4. ACCOUNT, § 49*—*what decree as to disposition of notes proper*. Where, upon a bill for accounting by sales managers against a subscription book company, the court directs that certain notes and accounts for goods sold be turned over to complainants, the decree is properly modified by requiring the notes to be indorsed "without recourse."

--------

**Henry Smith, Defendant in Error, v. Henry H. Roberts, Plaintiff in Error.**

**Gen. No. 17,423.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. ARTHUR W. DESELM, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed October 13, 1913.

**Statement of the Case.**

Action by Henry Smith against Henry H. Roberts to recover on a promissory note. From a judgment for plaintiff for $512.33 and costs, defendant brings error.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

JAMES J. LEAHY, for plaintiffs in error; ALBERT O. OLSON, of counsel.

I. M. JORDON and THOMAS BENTHAM, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 56*—*what constitutes failure of consideration.* The consideration for a note given by one partner for his copartner's interest in the partnership does not fail because the payee did not turn over the evidence of certain contracts as assets.

2. BILLS AND NOTES, § 406*—*proof of right to set-off.* In an action on a promissory note given by one partner for the interest of his copartner in order for defendant to avail of a set-off on account of plaintiff's failure to turn over certain written contracts as assets in accordance with the agreement for dissolution, he must prove the existence and nondelivery of such contracts, the undertaking to deliver same, the default in that undertaking and the resultant damages.

---

## Shelton C. Burr, Appellant, v. Ednah J. Tobey et al., Appellees.

### Gen. No. 17,555.

1. CONFLICT OF LAWS, § 24*—*what law governs as to validity of a married woman's contract.* A note and a trust deed executed by a married woman and valid under the laws of this State are not rendered invalid by the fact that such note was signed and indorsed, and such trust deed signed and acknowledged, in a foreign State, it appearing that the transaction was one by a resident of this State merely transiently out of Illinois, and was made entirely with a view to the law of this State.

2. MORTGAGES, § 175*—*what defenses are available against the assignee of a mortgage.* Any defense which is good against the